# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 9:15-cr-00121-DCN |
| vs. ) | |
| ) | **ORDER** |
| KARL LYTTLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The following matter is before the court on defendant Karl Lyttle Jr.'s ("defendant") motion in limine to allow evidence of self-defense or the defense of necessity. For the following reasons, the court denies defendant's motion.

## I.  BACKGROUND[1]

Defendant has been indicted for knowingly using and carrying a firearm during, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A), and brandishing and discharging said firearm, in violation of 18 U.S.C. 924(c)(1)(A)(iii). ECF No. 2. The indictment stems from a November 22, 2013 incident that resulted in the shooting death of Jerrit Jamal Timberson ("Timberson").

It is undisputed that Timberson and four other individuals (collectively, the "conspirators") contacted defendant under the guise of purchasing marijuana, with the intention of robbing him during the transaction. Def.'s Mot. 2; Gov't's Resp. 2. The conspirators drove to meet defendant and brought along two "airsoft" guns[2] that were

---

[1] The court accepts defendant's version of the facts for the purposes of the instant motion.

[2] Airsoft guns, as the name would suggest, are essentially air-powered replica weapons that fire non-lethal, plastic "pellets."

almost indistinguishable from real handguns. Def.'s Mot. 3; Gov't's Resp. 2. Upon the arrival, Timberson and another conspirator, Kelsey Dent ("Dent"), approached the vehicle that defendant was sitting in and began the transaction. Def.'s Mot. 3. Timberson and Dent then displayed—and possibly pointed—the airsoft guns, at which point defendant retrieved his very real pistol and shot Timberson. Id. at 3–4. Timberson was taken to the hospital where he was pronounced dead. Gov't's Resp. at 1. Notably, the state solicitor charged defendant with possession of marijuana with the intent to distribute, but declined to charge defendant in connection with the shooting after determining that defendant acted in self-defense. Def.'s Mot. 8.

Defendant wishes to present evidence of self-defense or necessity at his trial, while the government contends that these defenses are inapplicable to offenses charged. Defendant filed the instant motion in limine to resolve this dispute on March 21, 2016. ECF No. 65. The government filed a response on April 11, 2016. ECF No. 66. Defendant then filed a supplemental brief in support of his motion on August 14, 2016, ECF No. 74, and the government filed a supplemental response on August 29, 2016. EcF No. 76. The motion is now ripe for the court's review.

## II.  DISCUSSION

Defendant argues that justification defenses—self-defense, necessity, duress, etc.—are available to defendants charged with a crime under the Omnibus Crime Control and Safe Streets Act of 1968 (the "Safe Streets Act"). Def.'s Mot. 6–7. Defendant relies the on Supreme Court's decision in Dixon v. United States, 548 U.S. 1 (2006), and various other decisions that have recognized the availability of such defenses in cases dealing with other firearm possession offenses outlined in the Safe

Streets Act. Id. at 7. The government argues that, as a matter of law, justification defenses are not available in cases brought under 18 U.S.C. § 924(c), which deals with the possession and use of a firearm in furtherance of a drug trafficking crime.[3] Gov't's Resp. 5–6.

> 18 U.S.C. § 924(c)(1)(A) provides:
>
> any person who, during and in relation to any . . . drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i)  be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Proof of a § 924(c) violation requires "evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009) (quoting United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002)).

In Dixon, the Supreme Court analyzed which party should bear the burden of proving—or disproving—the defense of duress in a prosecution brought under two entirely separate provisions of the Safe Streets Act—18 U.S.C. § 922(n), which prohibits the receiving of a firearm while under indictment, and 18 U.S.C. § 922(a)(6), which prohibits the making of false statements in connection with the

---

[3] The provision also deals with the possession and use of a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(A). The court only addresses the application of § 924(c) in cases involving predicate drug trafficking crimes, and therefore, foregoes any discussion of crimes of violence.

3

acquisition of a firearm.  Dixon, 548 U.S. at 3.  The Court "assumed" the availability of such a defense, stating that "[t]here is no evidence in the [Safe Streets] Act's structure or history that Congress actually considered the question of how the duress defense should work in this context, and there is no suggestion that the offenses at issue are incompatible with a defense of duress."  Id. at 13.  Defendant reads this language to hold that justification defenses are available in prosecutions for all crimes prohibited by the Safe Streets Act.  Def.'s Supp. Br. 2.

This reading fails for a number of reasons.  As an initial matter, courts have widely rejected the position defendant asserts here.  The Fourth Circuit has squarely held that, "[a]s a matter of law, 'self-defense is irrelevant to a section 924(c) violation.'"  United States v. Sloley, 19 F.3d 149, 153 (4th Cir. 1994) (quoting United States v. Poindexter, 942 F.2d 354, 360 (6th Cir. 1991), cert. denied, 502 U.S. 994 (1991)).  A number of other circuits have applied the same rule.  See United States v. Johnson, 977 F.2d 1360, 1378 (10th Cir. 1992) ("[O]nce the association between the use of firearms and drug trafficking is shown, any additional finding that self-defense motivated use of the firearms is not relevant to a conviction under § 924."); Poindexter, 942 F.2d at 360; see also United States v. Lucas, 462 F. App'x 48, 51 (2d Cir. 2012) ("We agree with several of our sister circuits and conclude that self-defense is irrelevant to a Section 924(c) violation."); United States v. Palumbo, 2010 WL 4683539, at *2 (D. Mont. Nov. 12, 2010), aff'd, 468 F. App'x 751 (9th Cir. 2012) ("[E]vidence showing the defendant acted in self-defense is irrelevant in a trial on a § 924(c) violation.").  In fact, the Fourth Circuit has identified the very circumstances that form the basis of defendant's proposed justification defense as an

example of when the use or possession of a firearm "further[s] or advance[s] drug trafficking." Lomax, 293 F.3d at 705. As the court explained in Lomax, "a gun could provide a defense against someone trying to steal drugs or drug profits, . . . [a]nd a gun could serve as protection in the event that a deal turns sour." Id. There can be little question that defendant's argument is contrary to the governing caselaw in this circuit and elsewhere.

Moreover, the Dixon decision evaluated the defense of duress in terms of "the offenses at issue," which did not include a § 924(c) offense. Dixon, 548 U.S. at 13. The lesson of Dixon, then, is that the court must "effectuate [justification defenses] as Congress 'may have contemplated' [] in the context of [the] specific offenses" at issue in the case. Id. at 12 (emphasis added) (quoting United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 493 n.3 (2001)). While the Dixon court found no reason to think that "the offenses at issue" in that case were "incompatible with a defense of duress," id. at 13, the same is not true here. There is ample reason to think a violation of § 924(c) is incompatible with defendant's proposed justification defenses.

The intent of § 924(c) "is to deter even the mere association of firearms with illegal activities such as drug trafficking." Johnson, 977 F.2d at 1378. Such deterrence is obviously enhanced when the link between a defendant's use or possession of a firearm and the underlying drug trafficking crime is judged without regard to any justification defense. See Johnson, 977 F.2d at 1378 ("Given the clear intent of § 924(c), we agree . . . that, once the association between the use of firearms and drug trafficking is shown, any additional finding that self-defense motivated use

of the firearms is not relevant to a conviction under § 924.").  This rule not only deters drug trafficking offenders from bringing along their firearms as they conduct their illicit trade, it deters that trade altogether, since the potential drug trafficker knows that if he ever finds himself in a situation where it becomes necessary to violate § 924(c)—a situation which is by no means difficult to imagine—the law will not recognize justification as a defense.

Defendant cites a number of decisions recognizing the availability of justification defenses in cases involving status-based possession offenses—possession of a firearm by a felon, and receiving a firearm while under indictment.  E.g., Dixon, (dealing with violation of 18 U.S.C. § 922(n), which prohibits the receiving of a firearm while under indictment); United States v. Ricks, 573 F.3d 198, 201 (4th Cir. 2009) (possession of a firearm by a felon under 18 U.S.C. § 922(g)); United States v. Mooney, 497 F.3d 397, 404 (4th Cir. 2007) (possession of a firearm by a felon under 18 U.S.C. § 922(g)); United States v. Perrin, 45 F.3d 869, 870 (4th Cir. 1995) (possession of a firearm by a felon under 18 U.S.C. § 922(g)); United States v. Crittendon, 883 F.2d 326, 329 (4th Cir. 1989) (possession of a firearm by a felon under 18 U.S.C. § 922(g)).  But because a § 924(c) violation is predicated on carrying or possessing a firearm "in relation to" or "in furtherance of" an underlying crime, it does not operate in the same way as a status-based possession offense.  While a violation of these status-based possession offenses could arise from any of the varied circumstances a person might face in an unpredictable world, a § 924(c) violation is predicated on possessing a firearm in specific circumstances—namely, circumstances that somehow advance or further a predicate drug trafficking offense.  A person

6

maintains much more control over his participation in drug trafficking than he does over his legal status. For example, a convicted felon has no power to escape his status as such. Thus, it makes sense to recognize a justification defense to the crime of possession of a firearm by a felon to account for the possibility that a felon may, through no fault of his own, find himself in a situation where such possession becomes necessary.

This argument is largely, if not wholly, inapplicable under § 924(c). A person can obviously control whether or not he participates in a drug trafficking crime.[4] Even so, if a participant in a drug trafficking crime uses or possesses a gun for purposes unrelated to the drug trafficking crime, then there is no § 924(c) violation to begin with. See Sloley, 19 F.3d at 152 ("[T]he 'in relation to' language allays explicitly the concern that a person could be punished under § 924(c)(1) for committing a drug trafficking offense while in possession of a firearm even though the firearm's presence is coincidental or entirely unrelated to the crime." (alteration in original) (quoting Smith v. United States, 508 U.S. 223, 238 (1993))).[5] Thus, it is difficult to conceive of how one might be forced use or possess a firearm in relation to or in furtherance of a drug trafficking crime. To recognize the availability of a justification defense for a § 924(c) violation, the court would have to accept that defendant had no defense to the underlying drug trafficking crime, but was somehow

---

[4] To be sure, one might avoid a conviction under § 924(c) if a justification defense is available to the underlying drug trafficking crime. For example, one's participation in a drug trafficking crime might be coerced under duress. But such a defense would go to the predicate offense, not the § 924(c) violation.

[5] Though the above-cited quote only addresses the prong of § 924(c) that deals with the use or carrying of a firearm "in relation to" a predicate offense, the court sees no reason why it should not also be applied to the second prong dealing with possession "in furtherance of" such an offense.

7

forced to use or possess a firearm in a way that "furthered, advanced, or helped forward" that crime. Perry, 560 F.3d at 254. Perhaps these conditions can be met under some circumstances, but even so, the § 924(c) defendant would necessarily still be culpable for the predicate drug offense, unlike a defendant whose status-based possession offenses arise out of necessity and otherwise lawful conduct.

Finally, defendant argues that because he did not fire his pistol in an effort to advance the drug transaction, he should at least be able to use evidence of self-defense to challenge the government's application of § 924(c)(iii), which requires a mandatory minimum sentence of 10 years "if the firearm is discharged." Def.'s Supp. Br. 4–7. To the extent this argument can be distinguished from the foregoing discussion, the court finds that the plain language of § 924(c)(iii) does not require that the firearm be discharged in furtherance of the underlying crime. It simply requires that the defendant commit a § 924(c) violation and that the firearm be discharged.

Therefore, the court finds that defendant is not permitted to engage in a "full and complete presentation" of "self-defense, duress, and/or the defense of necessity." Def.'s Mot. 1. The court does wish to clarify the contours of this holding, as defendant has indicated that the government opposes the introduction of "any evidence or facts supporting" such defenses. Id. To the extent the government simply argues that defendant should be precluded from offering arguments on the justification defenses and framing its evidence to fit those arguments, the court agrees.[6] However, the court is not convinced that this renders any evidence that could

---

[6] Certainly, defendant is not entitled to a jury instruction on self-defense, duress, or necessity.

be used to support a justification defense inadmissible.[7] Put differently, if evidence that might be used to argue self-defense could <u>also</u> be used to argue that defendant's possession and use of the pistol did not further or advance the underlying drug trafficking crime, it is plainly relevant for that purpose—subject to the Federal Rules of Evidence.[8]  <u>Lomax</u>, 293 F.3d at 705 ("[W]hether the firearm [furthered, advanced, or helped forward a drug trafficking crime] is ultimately a factual question.").

---

[7] The government does not appear to take this position.  <u>See</u> Gov't's Supp. Br. 2 ("The defendant may certainly argue to a jury that he did not use, carry or possess the firearm during or in relation to or in furtherance of a drug trafficking crime . . . [or] that the presence of his firearm in the location he was selling drugs was coincidental and not connected in any way to his drug trafficking.").  Nevertheless, the court offers this clarification out of an abundance of caution.

[8] Much of the evidence defendant highlights as relevant under <u>Lomax</u> would have little to no bearing on any justification defense he could offer.  <u>See</u> Def.'s Supp. Br. 2–3 (discussing "the type of drug activity" being conducted, the "accessibility" of the firearm, the "type of weapon," "whether the weapon is stolen," whether the gun was loaded, proximity to drugs and profits, among other factors).  There is no question that defendant can argue that the pistol did not "further or advance drug trafficking."  <u>Lomax</u>, 293 F.3d at 705.  Thus, it is not clear how this evidence is even in dispute.

9

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion in limine.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**February 7, 2017**
**Charleston, South Carolina**